UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, AT TACOMA

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT MALOY, an individual,<br><br>Defendant. | NO. C14-5388<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, AND ORDERING DEFENDANT TO SHOW CAUSE RE PRELIMINARY INJUNCTION |

This matter came before the Court this 13 day of May, 2014, on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Order Granting Leave to Conduct Expedited Discovery. Due notice was given to Defendant Scott Maloy ("Maloy" or "Defendant") of said motion.

The Court, having considered the Complaint; the Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery; the Declarations of Timothy Truebenbach and Carles Appling; and all pleadings, if any, submitted in opposition to the motion, and having heard argument of counsel, finds as follows:

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, AND ORDERING DEFENDANT TO SHOW CAUSE RE PRELIMINARY INJUNCTION [PROPOSED]-1

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1. Under Section 13804 of the FINRA Code of Arbitration Procedure, Morgan Stanley has the right to seek injunctive relief pending an arbitration hearing before a duly appointed Financial Industry Regulatory Authority ("FINRA") Panel.

2. Morgan Stanley's rights with respect to its property, proprietary and confidential information, competitive interests, and contract rights with Defendant are being and will continue to be violated by Defendant unless Defendant is restrained in the manner set forth below.

3. Morgan Stanley will suffer irreparable harm and loss if Defendant is permitted to: (a) convert the property of Morgan Stanley to Defendant's own personal use and benefit and that of Linsco Private Ledger, Defendant's new employer; and (b) solicit the patronage of any Morgan Stanley clients whom Defendant serviced at Morgan Stanley or whose names became known to Defendant during his Morgan Stanley employment.

4. Morgan Stanley has no adequate remedy at law.

5. Greater injury will be inflicted upon Morgan Stanley if temporary injunctive relief were denied than would be incurred by Defendant if the relief requested by Morgan Stanley is granted.

6. The public interest would be served by a grant of the requested relief.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A. A temporary restraining order shall be issued immediately. Defendant is hereby enjoined and restrained, directly or indirectly, whether acting alone or in concert with others, including any officer, agent, representative, and/or employee of Defendant's new employer, Linsco Private Ledger, from:

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, AND ORDERING DEFENDANT TO SHOW CAUSE RE PRELIMINARY INJUNCTION [PROPOSED]-2

LAW OFFICES OF
MILLS MEYERS SWARTLING
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

1. Soliciting any business from any client or customer whom Defendant served during his employment with Morgan Stanley, or any other customer or client of Morgan Stanley whose name became known to Defendant while in the employ of Morgan Stanley;

2. Contacting for business purposes, whether in person, through others, by telephone or in writing (including, but not limited to, email, text-message, instant message, and any other electronic form of communication), any client or customer of Morgan Stanley whom Defendant served during his employment with Morgan Stanley or whose name became known to Defendant while employed by Morgan Stanley; and

3. Using, disclosing, or transmitting for any purpose (including but not limited to the solicitation of said clients or customers), any information contained in the records of Morgan Stanley, including but not limited to the names, addresses, and financial information of said clients or customers.

B. Defendant is hereby required to return to Morgan Stanley within one business day after entry of this Order if possible, and no later than two business days, all originals, copies, or other reproductions, in any form whatsoever, of any document or other form of recorded Morgan Stanley information.

C. Defendant is hereby required to preserve all computer environments used by Defendant (including but not limited to desktop, laptop and hand-held computers or devices), whether they be utilized at Linsco Private Ledger, Defendant's residence, or elsewhere. Defendant shall make no changes to, deletions from, or modifications to any such computer environments.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, AND ORDERING DEFENDANT TO SHOW CAUSE RE PRELIMINARY INJUNCTION [PROPOSED]-3

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

D. This Order shall remain in full force and effect through May 22, 2014, or until a ruling on the motion for preliminary injunction is issued, whichever is later, unless earlier expressly lifted by order of the Court.

E. This case is set for hearing on Morgan Stanley's Motion for Preliminary Injunction on May 22, 2014, at 10:00 a.m. The parties may file briefs in accordance with the following schedule:

1. Plaintiff Morgan Stanley's opening papers, if it wishes to submit any, shall be served on Defendant's counsel and filed no later than May 16, 2014, by 5:00 p.m.

2. Defendant's opposition papers shall be served on Plaintiff's counsel and filed no later than May 20, 2014, by 5:00 p.m.

3. Plaintiff Morgan Stanley's reply papers shall be served on Defendant's counsel and filed with the Court no later than May 21, 2014, by 5:00 p.m.

F. The parties are granted leave to commence discovery immediately in preparation for the preliminary injunction hearing, and to conduct depositions of parties and the Linsco Private Ledger Branch Manager where Defendant is employed on five days' notice; to require that responses to requests for production of documents be served within five days; and that responses to documents subpoenaed from Linsco Private Ledger be served within five days.

G. Pursuant to § 13804 of the FINRA Code of Arbitration Procedure and §§ 3 and 4 of the Federal Arbitration Act, the parties are directed to proceed toward expedited arbitration on Morgan Stanley's request for permanent injunctive relief before a full Panel of arbitrators appointed in accordance with § 13804 of the FINRA Code of Arbitration Procedure.

ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND EXPEDITED DISCOVERY, AND ORDERING DEFENDANT TO SHOW CAUSE RE PRELIMINARY INJUNCTION [PROPOSED]-4

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343

H. This Order shall become effective immediately upon Morgan Stanley's posting of a bond, cash, or other security acceptable to the Court in the amount of $10,000.

Dated: 5/13/14

_____
JUDGE OF THE DISTRICT COURT

Presented By:

MILLS MEYERS SWARTLING
Attorneys for Plaintiff

By: _____
Kasey Huebner
WSBA No. 32890
khuebner@millsmeyers.com

ORDER GRANTING PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND EXPEDITED
DISCOVERY, AND ORDERING DEFENDANT TO SHOW
CAUSE RE PRELIMINARY INJUNCTION [PROPOSED]-5

LAW OFFICES OF
**MILLS MEYERS SWARTLING**
1000 SECOND AVENUE, 30TH FLOOR
SEATTLE, WASHINGTON 98104-1064
TELEPHONE (206) 382-1000
FACSIMILE (206) 386-7343